636 F.Supp. 758 (1986)
Kathryn M. ANDRZEJEWSKI, Plaintiff,
v.
UNITED STATES POSTAL SERVICE, Defendant.
No. 82-155 C (2).
United States District Court, E.D. Missouri, E.D.
May 28, 1986.
*759 Doris Gregory Black, St. Louis, Mo., for plaintiff.
Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., Michael Lefkow, Atty., U.S. Postal Service, Chicago, Ill., for defendant.

MEMORANDUM
FILIPPINE, District Judge.
This matter is before the Court on defendant's motion to dismiss Counts I, II and III of plaintiff's second amended complaint. Plaintiff has filed a memorandum in opposition thereto.
This case arises out of plaintiff's termination from employment from her position as a letter carrier for allegedly falsifying her employment application in stating that she had never committed "an offense against the law." Plaintiff admits that prior to filling out the application she had entered a plea of guilty to violating an ordinance of the City of Jennings which prohibits stealing under $50.00. She alleges, however, that she had been advised by municipal officials that an ordinance violation is not a criminal offense and that she would not have a criminal record. Plaintiff alleges, therefore, that she does not believe her answer on the employment application was false. Plaintiff further alleges that blacks and/or males have not been terminated for making false statements on applications under the same or similar circumstances. (Count I.) Plaintiff further alleges that the fact that defendant discouraged and prevented her initial attempt to make a complaint served to deny her right to pursue an administrative remedy in violation of her right to due process of law and that the actions taken by defendant were arbitrary, capricious and unreasonable. (Count II.) Plaintiff finally alleges that defendant's classification of her answer as "false" was arbitrary and capricious and "based upon a non-ascertainable and undefined standard, in that defendant provided no definition as to what was mean [sic] by *760 "convicted of an offense against the law [sic]," thus violating her due process rights. (Count III.)
Defendant has moved to dismiss Counts I and II of the complaint arguing that the evidence presented at this Court's hearing on January 19, 1983, establishes that plaintiff failed to seek relief in a timely manner from the EEO office. Count I is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and defendant urges the Court to dismiss said count as plaintiff did not properly exhaust her administrative remedies pursuant to 42 U.S.C. § 2000e-16. As stated by the Court in its prior orders in this case the timely filing requirement is not a jurisdictional prerequisite to the maintenance of this suit and said requirement may be subject to equitable tolling under appropriate circumstances. (See this Court's orders dated January 3, 1986, and June 21, 1983.) Defendant argues that the record developed at the January 19, 1983, hearing demonstrates that plaintiff has failed to establish by a preponderance of the evidence that she contacted an EEO counselor within thirty days of the effective date of her termination. Defendant further argues that plaintiff has failed to demonstrate that any EEO counselor discouraged or prevented her initial attempt to file a complaint. Thus, defendant argues, these are not proper circumstances for equitable tolling of Count I of the complaint and Count II should be dismissed as lacking any factual foundation.
Similar motions have been filed by defendant in this case attacking the various complaints filed herein. Because the parties refer to matters outside the pleadings the Court consistently has converted the motions pursuant to Fed.R.Civ.P. 12(b) to motions for summary judgment and provided a reasonable opportunity to present all materials made pertinent to such a motion. Under the present circumstances the Court will again convert the motion to one for summary judgment. However, because the parties have addressed this issue on several occasions, the Court does not deem it necessary to provide them with time to submit additional materials.
When evaluating a motion for summary judgment the Court must, of course, view the facts in the light most favorable to the party opposing the motion, giving such party benefit of all reasonable inferences to be drawn from facts. Portis v. Folk Construction Company, Inc., 694 F.2d 520, 522 (8th Cir.1982). "Summary judgment is an extreme remedy, and a motion for summary judgment should not be granted unless it is clear beyond controversy that the moving party is entitled to judgment as a matter of law." U.S. v. Porter, 581 F.2d 698, 703 (8th Cir.1978). See also Bellflower v. Pennise, 548 F.2d 776, 777 (8th Cir. 1977).
Plaintiff testified that she contacted her EEO office during the last week in September 1979, less than thirty days after the effective date of her termination (Tr. 12-14). She testified that she spoke with Lou Moore, an EEO officer, who advised her that she was too late to file a complaint of discrimination (Tr. 14). Moore, however, testified that he had no such conversation with plaintiff in the last week of September 1979 and that, in fact, he had never seen plaintiff prior to the discovery stage in this suit (Tr. 67-68). Moore's testimony is corroborated by the testimony of Grace Corbin whose office was in the same office with Moore. She testified that she did not speak to or see plaintiff during the last week in September 1979 (Tr. 116-117).
Plaintiff also testified that when she went down to the Post Office on her way to the EEO office she met a former supervisor, Lynn Beckwith, who informed her that he would call Lou Moore for her and set up an appointment (Tr. 10-11). Beckwith, however testified that although he remembers seeing plaintiff and discussing the EEO, he does not recall calling Moore to see if he would be available to speak with plaintiff (Tr. 32-34). Said testimony, together with plaintiff's detailed testimony concerning the arrangement of the offices where Moore worked (Tr. 15-16), corroborates plaintiff's assertions that she was *761 present at the Post Office for the purpose of going to the EEO office in late September 1979. While the Court does not disbelieve the testimony of Moore and Corbin on this point, it is cognizant of the fact that they were being asked to remember whether or not they remembered seeing plaintiff, one of any number of persons who entered the EEO office on a given day, in the office on a date over three years prior thereto.
However, while the evidence supports plaintiff's assertion that she went to the EEO office at that time, nothing in the evidence suggests that she attempted to file a complaint of discrimination or that she raised the inference of discrimination. Moore testified at length concerning the procedures followed in his office when a person comes into the EEO office (Tr. 50-60), where a person indicates that he simply wants information but raises no inference of discrimination, no records of that visit are kept (Tr. 52). However, if an inference of discrimination is made, even if no complaint is filed, a record of the request is made (Tr. 52-53). Moore, the custodian of records, testified that there was no record of request from plaintiff (Tr. 54), thus indicating that she at no time made an inference of discrimination. The evidence further suggests that plaintiff did not request a formal inquiry into her complaint as there is no entry of such a request in the EEO log, the formal complaint log kept in the office (Tr. 54). Plaintiff has in no way controverted Moore's testimony in this regard and the Court finds no reason to believe that standard procedures were not followed on the day she went to the EEO office. From the records presented it can only be inferred that plaintiff requested only general information making no inference of discrimination and made no attempt to file any complaint while at the office. Thus the Court finds that, plaintiff having failed to seek relief in a timely manner and having failed to demonstrate any grounds for tolling the timely filing requirement of 42 U.S.C. § 2000e-16, Count I of her complaint must be dismissed as time-barred. The Court further finds that Count II must be dismissed. The Court's finding that although plaintiff may have gone to the EEO office she at no time raised an inference of discrimination let alone attempted to file a complaint undermines plaintiff's claim that defendant discouraged and prevented her initial attempt to file a complaint in violation of her due process rights. There thus does not exist a genuine issue of material fact as to Count II.
Defendant also moves for dismissal of Count III of the complaint, plaintiff's claim that she was denied her right to due process because defendant's classification of her answer on the employment application as false was arbitrary and capricious and based upon a non-ascertainable and undefined standard. Defendant argues that under the rationale of Bush v. Lucas, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), the Court should refuse to recognize a separate constitutional cause of action given the comprehensive EEO/grievance-arbitration scheme provided postal employees.
In Bush v. Lucas a NASA employee brought suit alleging deprivation of his First Amendment rights when he was discharged for comments he made concerning the quality of operations at his workplace. The court refused to allow plaintiff's claim. While recognizing its power to award damages to the victim of a constitutional violation, 462 U.S. at 378, 103 S.Ct. at 2411, the court found that absent any congressional directive there nevertheless were special factors counseling it to hesitate to create a constitutional claim for relief, id. The court noted that Congress had created an "elaborate, comprehensive scheme that encompasses substantive provisions forbidding arbitrary action by supervisors and procedures  administrative and judicial  by which improper action may be redressed," id. 462 U.S. at 385, 103 S.Ct. at 2415, and thus concluded that Congress is in a better position to determine whether or not augmentation of those remedies is necessary, id. at 389, 103 S.Ct. at 2417. Defendant argues that the same is true with regard to postal employees and urges the *762 Court to similarly refuse to allow the constitutional claim.
In Ellis v. United States Postal Service, 784 F.2d 835 (7th Cir.1986), the Seventh Circuit considered the remedial procedures available to postal employees in light of Bush v. Lucas. There plaintiffs alleged that they were victims of political discrimination in violation of their due process rights. The court, after reviewing the Supreme Court's discussion in Bush concluded as follows:
In the present case, the district court found that the "same general civil service remedies" found in Bush were also applicable to the appellants. Ellis v. United States Postal Service, No. 84 C 2160, Order at 7 (N.D.Ill. Mar. 6, 1985). The appellants were unable to demonstrate, in either the district court or this court, how the means for redressing grievances in the Postal Service are markedly less adequate or less comprehensive than the civil service remedies found in Bush. Since the Congress expressly authorized the adoption of final and binding grievance provisions in Postal Service collective bargaining agreements, 39 U.S.C. § 1206(b), and since the particular collective bargaining agreement between the Postal Service and the employees' union establishes a multi-step procedure which culminates in binding third-party arbitration, Appellees' App. at 5-9, we are unable to determine how this system is less adequate than the one in Bush. See Winston v. United States Postal Service, 585 F.2d 198 (7th Cir. 1978). Therefore, we affirm the district court's decision.
784 F.2d at 839-40. The Court agrees with the Seventh Circuit on this point. Because the remedial scheme available to plaintiff "adequately and comprehensively addresses the protection of constitutional rights in the employment context," id. at 840, the application of a separate constitutional claim is inappropriate under Bush and plaintiff's Count III must be dismissed.

ORDER
In accordance with the memorandum filed this day and incorporated herein,
IT IS HEREBY ORDERED that defendant's motion to dismiss Counts I, II and III of plaintiff's second amended complaint be and is GRANTED and plaintiff's complaint be and is DISMISSED with prejudice.
IT IS FURTHER ORDERED that defendant's motion to dismiss the first amended complaint be and is DENIED as moot.
IT IS FURTHER ORDERED that costs shall be taxed against plaintiff.